# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALBERT BAGGETT,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, *et al.*,<br><br>          Defendants. | Case No.  1:24-cv-01024-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

### I. Background

Plaintiff Anthony Albert Baggett ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2024, Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF Nos. 1, 2.)  The case was transferred to the Fresno Division on August 28, 2024, and new case documents were issued by the Fresno Division the same date.  (ECF Nos. 6, 7.)  On August 29, 2024, the Court issued an order striking Plaintiff's first amended complaint for lack of signature and directing Plaintiff to file a signed first amended complaint within thirty days.  (ECF No. 8.)  The Court also issued an order granting Plaintiff's motions to proceed *in forma pauperis*.  (ECF No. 9.)

On September 11, 2024, the Court's August 29, 2024 orders directing Plaintiff to file a signed first amended complaint and granting Plaintiff's motions to proceed *in forma pauperis*

1

were returned as "Undeliverable, Return to Sender, Not at Facility." On September 13, 2024, the Fresno Division new case documents were returned as "Undeliverable, Not at Facility."

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than November 13, 2024. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227.

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no
2  other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his
3  failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.  The
4  Court will therefore recommend that this action be dismissed based on Plaintiff's failure to
5  prosecute this action.

6        **III.**    **Conclusion and Recommendation**

7      Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
8  district judge to this action.

9      Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without
10  prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

11      These Findings and Recommendations will be submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
13  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may
14  file written objections with the court.  The document should be captioned "Objections to
15  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
16  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**
17  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**
18  **limit may not be considered.**  The parties are advised that failure to file objections within the
19  specified time may result in the waiver of the "right to challenge the magistrate's factual
20  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*
21  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23  IT IS SO ORDERED.

24     Dated:  **December 2, 2024**          /s/ *Barbara A. McAuliffe*
25                                            UNITED STATES MAGISTRATE JUDGE

26

27

28